IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JONATHAN GRIFFIN, *on behalf of himself and all others similarly situated,* | FLSA COLLECTIVE ACTION RULE 23 CLASS ACTION |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | Civil Action No. |
| CORE FIBER SOLUTIONS, INC., TIMOTHY FRAIN, *individually*, and CANDICE ROLFE, *individually*, | |
| Defendants. | |

## COMPLAINT

1. COMES NOW Named Plaintiff Jonathan Griffin, by and through his undersigned counsel, and hereby files this Complaint on behalf of himself and all other similarly-situated individuals against Defendants Core Fiber Solutions, Inc. ("Core Fiber"), President Timothy Frain ("Frain"), and Human Resources/Account Manager Candice Rolfe ("Rolfe") (collectively "Defendants") to obtain full and complete relief for Defendants' failure to pay overtime wages and minimum wages under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), and to recover "gap time" wages ("straight time" wages for fewer than forty hours per week at a rate greater than minimum wage) under applicable state laws.

## JURISDICTION AND VENUE

1

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B)(1)(a), venue is proper in this Court because some of the unlawful employment practices described herein were committed within the Atlanta Division of the United States District Court for the Northern District of Georgia.

**PARTIES**

4. Named Plaintiff Jonathan Griffin is a citizen of the United States of America, and a resident of the State of Georgia.

5. Defendant Core Fiber is a telecommunications company incorporated in the state of Michigan that provides fiber-optic cable installation (and related services) in various states throughout the country, including (without limitation) in Georgia, Kansas, Louisiana, North Carolina, and Tennessee.

6. Defendant Core Fiber may be served with process by delivering a copy of the Summons and Complaint to its registered agent Timothy Frain at 800 Monroe Avenue NW, suite 106, Grand Rapids, Michigan 49503.

7. Defendant Frain is the President of Core Fiber.

8. Defendant Frain may be served with process by delivering a copy of the Summons and Complaint to his place of work at 800 Monroe Avenue NW, suite 106, Grand Rapids, Michigan 49503.

9. Defendant Rolfe functions as the Human Resources/Account Manager for Core Fiber.

10. Defendant Rolfe may be served with process by delivering a copy of the Summons and Complaint to her place of work at 800 Monroe Avenue NW, suite 106, Grand Rapids, Michigan 49503.

## FACTUAL ALLEGATIONS

11. Defendants are governed by and subject to 29 U.S.C § 206 and § 207.

12. At all relevant times, Defendant Core Fiber has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

13. Defendant Core Fiber provides communication infrastructure services, namely fiber-optic technology across the country.

14. At all relevant times, Defendant Core Fiber had at least $500,000.00 in annual gross volume of sales made or business done.

15. Named Plaintiff and all other similarly-situated individuals are individually covered by the FLSA.

16. At all relevant times, Named Plaintiff and all other similarly-situated individuals were directly engaged in commerce or in the production of goods for commerce, used goods or materials that had been moved in or produced for

commerce, and/or performed work that was directly essential to the production of goods for commerce.

17. Named Plaintiff and all other similarly-situated individuals performed work involving or relating to fiber-optic internet connectivity.

18. Named Plaintiff and all other similarly-situated individuals installed or assisted with the installation, repair, and maintenance of fiber-optic cables on utility poles and underground.

19. All relevant times, Defendants were "employers" as that term is defined by 29 U.S.C. § 203(d).

20. Defendants Frain and Rolfe acted directly or indirectly in the capacity of an employer in relation to Named Plaintiff and all other similarly-situated individuals.

21. Defendant Frain determined the terms and conditions of employment, including, without limitation, job duties, work hours, and pay (including whether to pay, or not to pay) for Named Plaintiff and the Collective Class.

22. Defendant Rolfe exercised control over Core Fiber's financial affairs, including whether to pay, or not to pay Named Plaintiff and all other similarly-situated individuals.

23. At all relevant times, Named Plaintiff and all other similarly-situated individuals were "employees" as that term is defined by 29 U.S.C. § 203(e).

24. Defendants classified Named Plaintiff and all other similarly-situated individuals as "employees."

25. Defendants exercised complete control over Named Plaintiff and all other similarly-situated individuals.

26. Defendants controlled when the members of the Collective Class worked, where they worked, what they did, and how they did it.

27. Defendants provided the tools and equipment needed to complete the work.

### Collective Action Factual Allegations

28. Named Plaintiff brings this action on behalf of himself and all other similarly-situated individuals pursuant to 29 U.S.C. § 216(b).

29. The FLSA Collective Class consists of Named Plaintiff and the similarly-situated individuals who: (1) are currently employed by Defendants or have been employed by Defendants at any time within the three-year period preceding the filing of this action; (2) performed fiber-optic cable installation work and/or work related to fiber-optic cable installation; (3) were given the job titles of (without limitation) Technician, Lead Technician, Journeyman, Lineman, and Driver; and (4) were not paid the federal minimum wage rate of $7.25 per hour and/or overtime pay as required by the FLSA (the "Collective Class").

30. Named Plaintiff has consented in writing to be part of this action pursuant to 29 U.S.C. § 216(b). Named Plaintiff's signed Consent to Join form is attached as Exhibit "A."

31. As this case proceeds, it is likely that other individuals will file Consent to Join forms and join as "opt-in" plaintiffs.

32. At all relevant times, Named Plaintiff and the Collective Class have been subject to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, and rules of knowingly and purposefully refusing to pay them the federal minimum wage rate of $7.25 per hour and overtime (i.e., time and one-half the regular hourly rate of pay) for any hours worked over forty (40) in a week.

33. Named Plaintiff and the Collective Class were paid on an hourly basis.

34. Named Plaintiff and the Collective Class were paid straight time for some (not all) hours worked.

35. Named Plaintiff and the Collective Class worked more than forty (40) hours in a week.

36. Defendants knew that Named Plaintiff and the Collective Class worked more than forty (40) hours in a week.

37. Named Plaintiff and the Collective Class submitted weekly timesheets that showed overtime hours worked.

38. Defendants knowingly failed to pay Named Plaintiff and the Collective Class at least the federal minimum wage rate of $7.25 per hour and overtime pay for all hours worked over forty (40) in a week.

39. Named Plaintiff and numerous members of the Collective Class complained to Defendants about Defendants' failure to pay straight-time wages and overtime.

40. Defendants Frain and Rolfe repeatedly made empty promises to pay.

41. Defendants have acted in bad faith.

42. Notice of this Action should be sent to the Collective Class.

43. The Collective Class is so numerous that joinder of all members is impracticable.

44. There are questions of law or fact common to the Collective Class, and a collective action is superior to other available methods for the fair and efficient adjudication of the controversy.

45. The claims or defenses of the Named Plaintiff are typical of the claims or defenses of the Collective Class.

46. The Named Plaintiff will fairly and adequately protect the interests of the Collective Class.

47. Named Plaintiff and the Collective Class are readily ascertainable. For purpose of notice, and other purposes related to this action, their names and

addresses are readily available from Defendants. Notice can be provided to Named Plaintiff and the Collective Class via first class mail to the last address known to Defendants.

## Class Action Factual Allegations

48. Named Plaintiff also brings this action on behalf of himself and all other similarly-situated individuals pursuant to Fed. R. Civ. P. 23.

49. The Rule 23 Class consists of Named Plaintiff and the similarly-situated individuals who: (1) are current or former employees of Defendants; (2) who performed fiber-optic cable installation work and/or work related to fiber-optic cable installation; (3) who were given the job titles of (without limitation) Technician, Lead Technician, Journeyman, Lineman, and Driver; and (4) who were not paid for the work they performed (the "Class").

50. The members of the Class seek to recover straight-time pay for each and every hour of work they performed on behalf of Defendants.

51. At Defendants' request, Named Plaintiff and the Class provided services in the form of work for Defendants.

52. The work performed by Named Plaintiff and the Class was valuable.

53. Defendants obtained a benefit from the work performed by Named Plaintiff and the Class.

54. Named Plaintiff and the Class performed work on behalf of Defendants with the expectation and understanding that they would be paid for such work.

55. Defendants hired Named Plaintiff and the Class and promised to pay them by the hour for the work they performed.

56. Defendants failed to pay Named Plaintiff and the Class for each and every hour of work they performed.

57. Defendants have been enriched at the expense of Named Plaintiff and the Class.

58. Defendants have acted in bad faith, have been stubbornly litigious, and have caused Named Plaintiff and the Class unnecessary trouble and expense.

59. Named Plaintiff and members of the Class repeatedly contacted Defendants Frain and Rolfe and demanded payment of their unpaid wages. Defendants Frain and Rolfe promised to pay, but never did, and began to ignore phone calls and emails from Named Plaintiff and the Class.

60. The Class is so numerous that joinder of all members in a single action is impracticable.

61. On information and belief, the Class consists of more than 100 current and former employees.

62. There are questions of fact or law common to the Class that predominate over any questions affecting individual members.

63. Named Plaintiff and the Class were subject to the same or similar unlawful practices—Defendants' company-wide scheme, plan, or practice of failing to pay its employees for the work they performed.

64. The claims or defenses of Named Plaintiff are typical of the claims or defenses of the Class.

65. Named Plaintiff will fairly and adequately protect the interests of the Class because his interests do not conflict with the interests of the Class.

66. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

67. Notice can be provided to the Class via first class mail to the last address known to Defendants.

## COUNT ONE
### (Fair Labor Standards Act ("FLSA"))
### (Failure to Pay Overtime Compensation)

68. Named Plaintiff reasserts and incorporates by reference paragraphs 4 through 47 of this Complaint as if fully set forth herein.

69. Defendants engaged in a pattern, practice, and policy of failing to pay Named Plaintiff and the Collective Class overtime (i.e., time and one-half the regular hourly rate of pay) for all hours worked over forty (40) in a week.

70. Named Plaintiff and the Collective Class were paid on an hourly basis.

71. Named Plaintiff and the Collective Class consistently worked more than forty (40) hours in a week, but were not paid overtime.

72. Named Plaintiff and the Collective Class repeatedly complained to Defendants about their failure to pay overtime.

73. Defendants made empty promises to pay.

74. As the direct and proximate result of Defendants' unlawful conduct, Named Plaintiffs and the Collective Class have suffered lost wages and other damages.

75. Named Plaintiff and the Collective Class are entitled to back wages, liquidated damages in an equivalent amount, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## COUNT TWO
### (Fair Labor Standards Act ("FLSA"))
### (Failure to Pay Minimum Wage)

76. Named Plaintiff reasserts and incorporates by reference paragraphs 4 through 47 of this Complaint as if fully set forth herein.

77. Defendants engaged in a pattern, practice, and policy of failing to pay Named Plaintiff and the Collective Class at least the federal minimum wage rate of $7.25 for all hours worked in a week.

78. Named Plaintiff and the Collective Class were paid on an hourly basis.

79. Named Plaintiff and the Collective Class complained to Defendants about not being paid for the work they performed.

80. Defendants made empty promises to pay.

81. As the direct and proximate result of Defendants' unlawful conduct, Named Plaintiffs and the Collective Class have suffered lost wages and other damages.

82. Named Plaintiff and the Collective Class are entitled to back wages, liquidated damages in an equivalent amount, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## COUNT III
### (Unjust Enrichment)

83. Named Plaintiff reasserts and incorporates by reference paragraphs 4 through 27 and paragraphs 48 through 67 of this Complaint as if fully set forth herein.

84. Defendants have and are being enriched by failing to pay Named Plaintiff and the Class for the work they performed on behalf of Defendants.

85. Defendants promised to pay Named Plaintiff and the Class by the hour for each and every hour of work they performed at an agreed-upon rate.

86. Defendants' promise of payment induced Named Plaintiff and the Class to perform the work requested by Defendants.

87. Defendants obtained a benefit from the work performed by Named Plaintiff and the Class.

88. Defendants refused to pay Named Plaintiff and the Class for all of the work they performed at the agreed-upon rate.

89. It would be inequitable for Defendants to retain the benefit conferred by Named Plaintiff and the Class (i.e., the value of the work they performed) without paying them for such.

90. As the direct and proximate result of Defendants' unlawful conduct, Named Plaintiff and the Class have suffered lost wages and other damages.

## **COUNT IV**
## **(Quantum Meruit)**

91. Named Plaintiff reasserts and incorporates by reference paragraphs 4 through 27 and paragraphs 48 through 67 of this Complaint as if fully set forth herein.

92. At Defendants' request, Named Plaintiff and the Class provided services in the form of work for Defendants.

93. The work performed by Named Plaintiff and the Class was valuable, and Named Plaintiff and the Class reasonably expected to be paid for the work they performed at the agreed-upon hourly rate.

94. Defendants obtained a benefit from the work performed by Name Plaintiffs and the Class.

95. Defendants promised to pay Named Plaintiff and the Class by the hour for each and every hour of work they performed, but never did.

96. Named Plaintiff and the Class performed work for Defendants with the expectation and understanding that they would be paid for such work.

97. Defendants' failure to pay Named Plaintiff and the Class for the work they performed is unjust.

98. As the direct and proximate result of Defendants' unlawful conduct, Named Plaintiff and the Class have suffered lost wages and other damages.

## COUNT V
### (Promissory Estoppel)

99. Named Plaintiff reasserts and incorporates by reference paragraphs 4 through 27 and paragraphs 48 through 67 of this Complaint as if fully set forth herein.

100. Defendants promised to pay Named Plaintiff and the Class by the hour for each and every hour of work they performed at an agreed-upon rate.

101. Defendants' promise of payment induced Named Plaintiff and the Class to perform the work requested by Defendants.

102. Named Plaintiff and the Class were justified in relying on Defendants' promise of payment.

103. Defendants refused to pay Named Plaintiff and the Class for all of the work they performed at the agreed-upon rate.

104. It would be unjust and inequitable for Defendants to retain the benefit conferred by Named Plaintiff and the Class (i.e., the value of the work they performed) without paying them for such.

105. As the direct and proximate result of Defendants' unlawful conduct, Named Plaintiff and the Class have suffered lost wages and other damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff, on behalf of himself and all other similarly-situated individuals, prays for the following relief as against Defendants:

A. Certification of this action as a collective action under the FLSA, and prompt issuance of notice pursuant to all other similarly-situated individuals apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23., and prompt issuance of notice to all other similarly-situated individuals;

C. Designation of Named Plaintiff as the Representative of the Collective Class and the Rule 23 Class;

D. Designation of Named Plaintiff's Counsel as Counsel for the Collective Class and the Rule 23 Class;

E. A judgment in favor of Named Plaintiff and all other similarly-situated individuals for unpaid wages, liquidated damages, prejudgment interest on unpaid wages, and reasonable attorneys' fees and costs in accordance with the FLSA, 29 U.S.C. § 216(b);

F. Judgment in favor of Named Plaintiff and all other similarly-situated individuals for compensatory damages caused by Defendants' violations of applicable state laws, pre-judgment and post-judgment interest thereon, and attorneys' fees and costs as allowed under applicable state laws;

G. Judgment against Defendants that Defendants acted in bad faith; and

H. Such other and further relief as this Court deems proper and just.

Date: June 12, 2017

Respectfully submitted,

SMITH LAW, LLC

By: /s/ Louise N. Smith
Louise N. Smith
Georgia Bar No. 131876
William J. Smith
Georgia Bar No. 710280
*Attorneys for Named Plaintiff, the Collective Class, and the Rule 23 Class*

SMITH LAW, LLC
3611 Braselton Highway
Suite 202
Dacula, GA 30019
T: (678) 889-2898
F: (844) 828-5615

louise@smithlaw-llc.com
william@smithlaw-llc.com

**DEMAND FOR JURY TRIAL**

Pursuant to Fed.R.Civ.P. 38(b), Named Plaintiff, on behalf of himself and all other similarly-situated individuals, demand a trial by jury.

By: /s/ Louise N. Smith
Louise N. Smith
Georgia Bar No. 131876
William J. Smith
Georgia Bar No. 710280
*Attorneys for Named Plaintiff, the Collective Class, and the Rule 23 Class*

SMITH LAW, LLC
3611 Braselton Highway
Suite 202
Dacula, GA 30019
T: (678) 889-2898
F: (844) 828-5615
louise@smithlaw-llc.com
william@smithlaw-llc.com

**FONT AND POINT CERTIFICATION**

The undersigned counsel for Named Plaintiff hereby certifies that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 12th day of June, 2017.

                                                Respectfully submitted,

                              By:  /s/ Louise N. Smith
                                      Louise N. Smith
                                      Georgia Bar No. 131876

## CERTIFICATE OF SERVICE

I hereby certify that I have caused or will cause service to issue upon Defendants to this Action with the foregoing COMPLAINT by personal service pursuant to Fed. R. Civ. P. 4. within the time allowed by Fed. R. Civ. P. 4(m).

This 12th day of June, 2017.

By: /s/ Louise N. Smith<br>
Louise N. Smith<br>
Georgia Bar No. 131876